FILED
CLERK, U.S. DISTRICT COURT
12/16/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___cd___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KYA CHRISTIAN NELSON,<br>　aka "ChumLul," and<br>JAMES THOMAS ANDREW MCCARTY,<br>　aka "Aspertaine,"<br><br>　　　　Defendants. | CR  2:22-cr-00598-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 1030(a)(2)(C),<br>(c)(2)(B)(ii): Unauthorized Access<br>to a Protected Computer to Obtain<br>Information; 18 U.S.C.<br>§ 1028A(a)(1): Aggravated Identity<br>Theft] |

　　The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

　　At all times relevant to this indictment:

　　1.　Defendant KYA CHRISTIAN NELSON, also known as ("aka") "Chumlul," ("NELSON") was a resident of Racine, Wisconsin.

　　2.　Defendant JAMES THOMAS ANDREW MCCARTY, aka "Aspertaine," ("MCCARTY") was a resident of Kayenta, Arizona.

　　3.　Unindicted coconspirator #1 ("UICC 1") was a juvenile.

　　4.　Ring LLC ("Ring") was a home security and smart home company headquartered in Santa Monica, California.

5.   Yahoo! was a provider of online services, including email, headquartered in Sunnyvale, California.

COUNT ONE

[18 U.S.C. § 371]

6. The Grand Jury re-alleges and incorporates paragraphs 1 through 5 of the Introductory Allegations of this Indictment.

A. OBJECT OF THE CONSPIRACY

7. Beginning on a date unknown to the Grand Jury, but no later than November 7, 2020, and continuing through at least November 13, 2020, in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, defendants NELSON, MCCARTY, and UICC 1, together with others known and unknown to the Grand Jury, knowingly conspired to intentionally access computers without authorization and thereby obtain information from protected computers, in violation of Title 18, United States Code, Section 1030(a)(2)(C), (c)(2)(B)(ii).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

8. The object of the conspiracy was to be accomplished, in substance, as follows:

    a. Defendants NELSON and MCCARTY, and UICC 1 would acquire without authorization the username and password information for Yahoo! email accounts belonging to victims throughout the United States.

    b. Defendants NELSON and MCCARTY, and UICC 1 would determine whether the owner of each compromised Yahoo! account also had a Ring account that could control associated internet-connected Ring doorbell camera devices.

    c. Defendants NELSON and MCCARTY, and UICC 1 would access without authorization the victim accounts at Yahoo! and Ring to

identify the victims.

d. Defendants NELSON and MCCARTY, and UICC 1 would gather information about the victims.

e. Defendants NELSON and MCCARTY would place false emergency reports or telephone calls to local law enforcement in the areas where the victims lived. These reports or calls were intended to elicit an emergency police response to the victim's residence – a malicious act commonly referred to as "swatting."

f. Defendants NELSON and MCCARTY would access without authorization the victims' Ring devices and thereafter transmit the audio and video from those devices on social media during the police response.

g. Defendants NELSON and MCCARTY would verbally taunt responding police officers and victims through the Ring devices during the police response.

C. OVERT ACTS

9. In furtherance of the conspiracy, and to accomplish its object, defendants NELSON and MCCARTY, and UICC 1, together with others known and unknown to the Grand Jury, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Central District of California and elsewhere, including, but not limited to, the following:

Flat Rock, Michigan

Overt Act No. 1: On November 7, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim A, a resident of Flat Rock, Michigan.

Overt Act No. 2: On November 7, 2020, defendant NELSON accessed without authorization the Yahoo! and Ring accounts belonging

4

to Victim A.

<u>Overt Act No. 3</u>:   On November 7, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the Huron Township Police Department purporting to originate from Victim A's residence and posing as a minor child reporting a stabbing involving her parents at Victim A's residence.

<u>West Covina, California</u>

<u>Overt Act No. 4</u>:   On November 8, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim B, whose parents resided in West Covina, California.

<u>Overt Act No. 5</u>:   On November 8, 2020, defendant NELSON accessed without authorization the Yahoo! and Ring accounts belonging to Victim B.

<u>Overt Act No. 6</u>:   On November 8, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the West Covina Police Department purporting to originate from Victim B's residence and posing as a minor child reporting her parents drinking and shooting guns inside the residence of Victim B's parents.

<u>Overt Act No. 7</u>:   On November 8, 2020, defendant NELSON accessed without authorization a Ring doorbell camera, located at the residence of Victim B's parents and linked to Victim B's Ring account, and used it to verbally threaten and taunt West Covina Police Department officers who had responded to the reported incident at the residence of Victim B's parents.

<u>Redding, California</u>

<u>Overt Act No. 8</u>:   On November 8, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login

credentials belonging to Victim C, a resident of Redding, California.

   Overt Act No. 9:   On November 8, 2020, defendant NELSON accessed without authorization the Yahoo! account belonging to Victim C.

   Overt Act No. 10:   On November 8, 2020, defendant NELSON made a hoax report to the Redding Police Department posing as an individual being held hostage at gunpoint at Victim C's residence.

                            Billings, Montana

   Overt Act No. 11:   On November 9, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim D, a resident of Billings, Montana.

   Overt Act No. 12:   On November 9, 2020, defendant NELSON accessed without authorization the Yahoo! and Ring accounts belonging to Victim D.

   Overt Act No. 13:   On November 9, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the Billings Police Department purporting to originate from Victim D's residence and posing as a minor child reporting her father was high on methamphetamine and shooting a gun inside Victim D's residence.

   Overt Act No. 14:   On November 9, 2020, defendant NELSON accessed without authorization a Ring doorbell camera linked to Victim D's account and used it to verbally taunt Billings Police Department officers who had responded to the reported incident at Victim D's residence.

                            Decatur, Georgia

   Overt Act No. 15:   On November 9, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim E, a resident of Decatur, Georgia.

   Overt Act No. 16:   On November 9, 2020, defendant NELSON accessed without authorization the Yahoo! and Ring accounts belonging to Victim E.

   Overt Act No. 17:   On November 9, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the DeKalb County Police Department purporting to originate from Victim E's residence and posing as a minor child reporting his/her father had shot his/her mother at Victim E's residence.

   Overt Act No. 18:   On November 9, 2020, defendant NELSON accessed without authorization a Ring doorbell camera linked to Victim E's account and used it to verbally taunt DeKalb County Police Department officers who had responded to the reported incident at Victim E's residence.

                           Chesapeake, Virginia

   Overt Act No. 19:   On November 9, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim F, a resident of Chesapeake, Virginia.

   Overt Act No. 20:   On November 10, 2020, defendant NELSON accessed without authorization the Yahoo! and Ring accounts belonging to Victim F.

   Overt Act No. 21:   On November 10, 2020, defendant NELSON made a hoax telephone call to the Chesapeake Police Department claiming that the caller's girlfriend was armed and threatening suicide at Victim F's residence.

   Overt Act No. 22:   On November 10, 2020, defendant NELSON accessed without authorization a Ring doorbell camera linked to Victim F's account and used it to verbally taunt Chesapeake Police

Department officers who had responded to the reported incident at Victim F's residence.

### Rosenberg, Texas

Overt Act No. 23:   On November 9, 2020, defendant NELSON and UICC 1 possessed Yahoo! and Ring login credentials belonging to Victim G, a resident of Rosenberg, Texas.

Overt Act No. 24:   On November 10, 2020, defendant NELSON accessed without authorization the Ring account belonging to Victim G.

Overt Act No. 25:   On November 10, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the Rosenberg Police Department purporting to originate from Victim G's residence and posing as a minor child reporting her parents fighting and her father pulling out a gun at Victim G's residence.

### Oxnard, California

Overt Act No. 26:   On November 11, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim H, a resident of Oxnard, California.

Overt Act No. 27:   On November 11, 2020, defendant NELSON accessed without authorization the Ring account belonging to Victim H.

Overt Act No. 28:   On November 11, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the Oxnard Police Department purporting to originate from Victim H's residence and posing as a minor child reporting her father wielding a handgun at Victim H's residence.

Overt Act No. 29:   On November 11, 2020, defendant NELSON made a hoax telephone call to the Oxnard Police Department to report

8

hearing gun shots fired at Victim H's residence.

Overt Act No. 30:  On November 11, 2020, defendant NELSON accessed without authorization a Ring doorbell camera, located at Victim H's residence and linked to Victim H's account, and used it to verbally taunt Oxnard Police Department officers who had responded to the reported incident at Victim H's residence.

### Darien, Illinois

Overt Act No. 31:  On November 11, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim I, a resident of Darien, Illinois.

Overt Act No. 32:  On November 11, 2020, defendant NELSON accessed without authorization the Ring account belonging to Victim I.

Overt Act No. 33:  On November 11, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the DuPage County Sheriff's Department claiming that the caller's girlfriend was armed and threatening suicide at Victim I's residence.

Overt Act No. 34:  On November 11, 2020, defendant NELSON accessed without authorization a Ring doorbell camera linked to Victim I's account and used it to verbally taunt DuPage County Sheriff's Department deputies who had responded to the reported incident at Victim I's residence.

### Huntsville, Alabama

Overt Act No. 35:  On November 12, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim J, a resident of Huntsville, Alabama.

Overt Act No. 36:  On November 12, 2020, defendant NELSON accessed without authorization the Ring account belonging to

Victim J.

Overt Act No. 37: On November 12, 2020, defendant NELSON or a coconspirator made a hoax telephone call to the Huntsville Police Department purporting to originate from Victim J's residence and posing as a minor child reporting her father shot her mother at Victim J's residence.

Overt Act No. 38: On November 12, 2020, defendant NELSON made a hoax telephone call to the Huntsville Police Department to report hearing gunshots fired at Victim J's residence.

Overt Act No. 39: On November 12, 2020, defendant NELSON accessed without authorization a Ring doorbell camera linked to Victim J's account and used it to verbally taunt Huntsville Police Department officers who had responded to the reported incident at Victim J's residence.

### North Port, Florida

Overt Act No. 40: On November 13, 2020, defendants MCCARTY and NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim K, a resident of North Port, Florida.

Overt Act No. 41: On November 13, 2020, defendant MCCARTY accessed without authorization the Ring account belonging to Victim K.

Overt Act No. 42: On November 13, 2020, defendant MCCARTY made a hoax telephone call to the North Port Police Department posing as Victim K's husband, claiming that he had killed her, that he was holding a hostage at Victim K's residence, and that he had rigged explosives at the residence.

Overt Act No. 43: On November 13, 2020, defendant MCCARTY

bragged via a message posted on a social media platform, stating "we bruteforce n[****]s ring doorbells and we swat them after . . . Its f[****]g funny."

Overt Act No. 44:  On November 14, 2020, using a social media platform, UICC 1 sent defendant MCCARTY a link to an online news article about the incident in North Port, along with messages stating "Lolol" and "Made the news."

### Katy, Texas

Overt Act No. 45:  On November 13, 2020, defendant NELSON and UICC 1 possessed without authorization the Yahoo! and Ring login credentials belonging to Victim L, a resident of Katy, Texas.

Overt Act No. 46:  On November 13, 2020, defendant NELSON accessed without authorization the Ring account belonging to Victim L.

Overt Act No. 47:  On November 13, 2020, UICC 1 or a coconspirator made a hoax telephone call to the Harris County Sheriff's Office purporting to originate from Victim L's residence and posing as minor child claiming that she had shot both of her parents at Victim L's residence.

COUNT TWO

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii)]

10.  On or about November 8, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KYA CHRISTIAN NELSON, also known as "ChumLul," intentionally accessed without authorization a computer, namely, a Ring device used by Victim B, and thereby obtained information, namely, audio and video data, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), in furtherance of a criminal and tortious act, to wit, False Report of Emergency, in violation of California Penal Code § 148.3.

COUNT THREE

[18 U.S.C. § 1028A(a)(1)]

11. On or about November 8, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KYA CHRISTIAN NELSON, also known as "ChumLul," ("NELSON") knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant NELSON knew belonged to another person, during and in relation to the offense of Unauthorized Access to a Protected Computer to Obtain Information, a felony violation of Title 18, United States Code, Section 1030(a)(2)(C), (c)(2)(B)(ii), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii)]

12. On or about November 11, 2020, in Ventura County, within the Central District of California, and elsewhere, defendant KYA CHRISTIAN NELSON, also known as "ChumLul," intentionally accessed without authorization a computer, namely, a Ring device used by Victim H, and thereby obtained information, namely, audio and video data, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), in furtherance of a criminal and tortious act, to wit, False Report of Emergency, in violation of California Penal Code § 148.3.

COUNT FIVE

[18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft]

13. On or about November 11, 2020, in Ventura County, within the Central District of California, and elsewhere, defendant KYA CHRISTIAN NELSON, also known as "ChumLul," ("NELSON") knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant NELSON knew belonged to another person, during and in relation to the offense of Unauthorized Access to a Protected Computer to Obtain Information, a felony violation of Title 18, United States Code, Section 1030(a)(2)(C), (c)(2)(B)(ii), as charged in Count Four of this Indictment.

A TRUE BILL

　　　　/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & I.P. Crimes Section

KHALDOUN SHOBAKI
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section